UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK Y. LIU AND GINGER Y. BIAN, DECEASED §<br>§<br>*Plaintiffs*, §<br>§<br>v. §<br>§<br>COMMISSIONER OF INTERNAL REVENUE, et. al., §<br>§<br>*Defendants*. § | CIVIL ACTION H-18-3519 |

# ORDER

Pending before the court is a complaint and request for injunction filed by plaintiffs Mark Y. Liu and Ginger Y. Bian, deceased (collectively "Plaintiffs"). Dkt. 1. Plaintiffs ask the court to: (1) "order the IRS to release the lien and issue the certificate of the release of the lien with a statement"; (2) "block the further proceeding in the Tax Court case"; and (3) seek "10,000 in damages pursuant to Sec. 7433." Dkt. 1 at 9.

Pending in the Tax Court is Plaintiffs' appeal of the "55,907 in underpayment and $36,804 in fraud penalty of the 2012 and 2013 years." *Id.* at 5. According to Plaintiffs, the Internal Revenue Service ("IRS") is pursuing "the interest charge" that accrued for the years 2012 and 2013. *Id.* at 7. Plaintiffs' first two requests concern injunctive relief for a lien that was filed for the tax years 2012 and 2013. *Id.* at 6. Plaintiffs contend that the IRS lied about the lien, "filed the lien on 9/26/2018 without CDP during the tax court proceedings," and broke many promises to release the lien. *Id.* at 6–7.

Unless an exception applies, the Anti-Tax Injunction Act enjoins any suit with the purpose of restraining the assessment or collection of any tax. 26 U.S.C.A. § 7421(a). The prohibition of the Act is broad and applies not only to the assessment or collection itself, but also "to activities

which are intended to or may culminate in the assessment or collection of taxes." *Smith v. Rich*, F.2d 1228, 1230 (5th Cir. 1982). The court interprets the instant suit as an attempt to interfere with the collection of interest allegedly owed by Plaintiffs. *See Brooks v. Snow*, 313 F. Supp. 2d 654, 660 (S.D. Tex. 2004), *aff'd sub nom. Brooks v. Dam*, 126 F. App'x 173 (5th Cir. 2005) (noting that the plaintiffs who had not paid the accrued interest intended the action to "interfere with IRS activities culminating in collection of the interest said to be owed by" them and that the Act "require[d] that the legal right to the disputed sums to be determined in a suit for refund"). Because none of the statutory exceptions apply, the court does not have jurisdiction to issue injunctive relief.[1]

Pursuant to Section 7433, federal district courts have jurisdiction to hear a case for civil damages due to certain unauthorized collection actions. 26 U.S.C.A § 7433. The court will address the claim for damages after all parties have been served and given an opportunity to respond.[2]

Signed at Houston, Texas on October 10, 2018.

_____
Gray H. Miller
United States District Judge

---

[1] The court also notes that the equitable exception under *Enochs v. Williams Packaging & Navigation Co.* does not apply. 370 U.S. 1 (1962). In *Enochs*, the Supreme Court held that Section 7421 does not prevent a federal court from exercising jurisdiction if: (1) the plaintiff would suffer irreparable injury for which there is no adequate legal remedy, and (2) it is clear under the most liberal view of the law and facts that the government cannot establish its claim. *Id.* at 6–7. The court finds that the first prong has not been met. Plaintiffs would not suffer irreparable injury because they may file a suit for a refund of the disputed amount. Because the first prong has not been met, the court does not make any determination about the second prong.

[2] Plaintiffs filed the complaint and request for injunction against the Commissioner of Internal Revenue and four other defendants. A "certificate of service" filed by Plaintiffs indicates the complaint was faxed to several persons, including three named defendants. Dkt. 3. This is not proper service. In addition to any statutory requirements, Plaintiffs must ensure that all the proper parties have been named and served.